In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by LOUIS H. PINK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of the LAWYERS MORTGAGE COMPANY.

Supreme Court, Additional Special Term, New York County, October 27, 1937.

*John J. Bennett, Jr.,* Attorney-General [*Joseph C. H. Flynn* and *Walter B. Herendeen* of counsel], for the Superintendent of Insurance of the State of New York.

*Maurice Finkelstein* [*Jacob Holtzman* of counsel], for the Mortgage Commission of the State of New York.

*Winthrop, Stimson, Putnam & Roberts* [*George Roberts* of counsel], for the stockholders protective committee.

*Leon Leighton,* for various creditors.

*Abraham N. Geller,* for the guarantee holders protective committee.

*M. B. & D. W. Blumenthal [I. Bernard Leff* of counsel], for the independent guaranteed mortgage certificate holders protective committee.

FRANKENTHALER, J.   A plan for the reorganization of Lawyers Mortgage Company, previously approved by this court, provides that " as the first step in reorganization, the Reorganization Managers shall, immediately upon their qualification, request the Superintendent to apply to the Court for an order to liquidate Lawyers Mortgage Company pursuant to Article XI of the Insurance Law upon such grounds as in the Superintendent's opinion are material, and to include in his petition a request that the Court fix the minimum statutory period for the filing of claims, fix the final date for the filing of trust claims, and incorporate in the order of liquidation appropriate provisions referring to the Reorganization Plan and continuing the Court's jurisdiction over the Reorganization Managers, the Reorganization Plan and the reorganization proceedings until the ultimate consummation thereof." (See *Matter of Lawyers Mortgage Co.,* 163 Misc. 680, 684.)

In accordance with the request of the reorganization managers, made in pursuance of the provisions of the plan, the Superintendent of Insurance submits the present application for liquidation of the Lawyers Mortgage Company " as the first step in the reorganization " of said company.   He asks that the minimum statutory period be fixed for the filing of claims as well as a final date for the filing of trust claims, and, in addition, that appropriate reference be made in the order to the fact *that the liquidation is but a step in the process of reorganization.*   The Superintendent points out that the company has not written any new guaranty policies for a period of more than one year, that it is unable to meet its obligations as they mature in the regular course of business, and that he deems further efforts to rehabilitate the company would be futile. Under the circumstances the relief sought must be granted.   (Insurance Law, §§ 401, 402, subd. 2; Id. § 403.)

There is no opposition to the granting of the motion except a request by one of the parties that the disposition of the application be withheld until final determination of the formulas by which to measure claims against mortgage guaranty companies in liquidation.   This request should, however, be denied, for it had been recognized (and necessarily so) at the time the plan was approved by the interested parties, and by the court, that the formulas to be used could not be definitely known until our highest court had

spoken. In fact, the referee's report expressly stated (p. 69): "Under the present state of the law, the so-called mortgage formula is to be applied in the determination of creditors' claims. But that formula, as was indicated above, is now the subject of an appeal to the Appellate Division, First Department (subsequently affirmed, 251 App. Div. 415). Until that formula shall have been finally passed upon by the Court of Appeals, it will be impossible to determine, with any degree of accuracy and except as an estimate, who are the holders of claims against Lawyers Mortgage Company and what are the amounts of their claims." With this fully in mind the parties advisedly gave their approval to the plan as fair and equitable. Nothing new has occurred since that time to justify any delay in the consummation of the plan.

The motion is accordingly granted in all respects. The order is to provide that the company is not to be dissolved without further application to the court. Submit order on two days' notice.